# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEBRA A. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-536-M |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On August 5, 2013, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this action in which plaintiff seeks judicial review of the final decision of defendant Acting Commissioner of Social Security Administration ("Commissioner") denying plaintiff's applications for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1382. The Magistrate Judge recommended that the Commissioner's decision be affirmed. The parties were advised of their right to object to the Report and Recommendation by August 26, 2013. On August 26, 2013, plaintiff filed her objection.

In her objection, plaintiff asserts that the Report and Recommendation does not adequately consider her argument that the Administrative Law Judge ("ALJ") erred by not considering her depression at steps four and five even though it was not a severe impairment.[1] The Tenth Circuit

---

[1] Plaintiff makes a number of other objections to the Report and Recommendation. Because the Court finds that the ALJ erred by not considering plaintiff's depression at steps four and five and that this matter should be remanded for further administrative proceedings, the Court declines to address plaintiff's other objections.

recently addressed this issue in *Wells v. Colvin*, No. 12-6234, 2013 WL 4405723 (10th Cir. Aug. 19, 2013).[2] In *Wells*, the Tenth Circuit held:

> a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five. In his RFC assessment, the ALJ must consider the combined effect of *all* medically determinable impairments, whether severe or not. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

*Id.* at *5 (emphasis in original). The Tenth Circuit further held:

> The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form].
>
> . . . Moreover, the RFC assessment must include a narrative discussion describing how the evidence *supports each conclusion*, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).

*Id.* (internal quotations and citations omitted) (emphasis in original).

Having carefully reviewed the ALJ's decision, the Court finds that the ALJ failed to consider plaintiff's mental impairments at all when assessing her RFC and making conclusions at step four. The decision is devoid of any of the analysis required under the regulations and *Wells*. Based upon the ALJ's clear reversible error, the Court finds that this matter must be remanded for further proceedings concerning the effect of plaintiff's medically determinable mental impairments on her

---

[2]The *Wells* decision was decided after the Report and Recommendation was issued in this case.

RFC, and for further analysis at step four, and step five, if necessary, including any further hearing the ALJ deems necessary, in his discretion.

Accordingly, the Court:

(1) DECLINES TO ADOPT the Report and Recommendation issued by the Magistrate Judge on August 5, 2013;

(2) REVERSES the decision of the Commissioner;

(3) REMANDS for further administrative proceedings consistent with this Order; and

(4) ORDERS that judgment issue forthwith in accordance with the provisions of sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED this 9th day of September, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE